UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARDENT MARITIME UK LTD (IN LIQUIDATION), § § § *Plaintiff*, § § vs. § § ENI US OPERATING CO., INC., § § *Defendant*. § § | CIVIL ACTION NO. _____ JURY DEMANDED |

## PLAINTIFF ARDENT MARITIME UK LTD'S ORIGINAL COMPLAINT

Ardent Maritime UK Ltd (in Liquidation) ("Ardent") files this Original Complaint against Defendant Eni US Operating Co., Inc. ("Eni") and, in support thereof, respectfully shows the Court as follows:

### I. PARTIES

1. Plaintiff Ardent Maritime UK Ltd (in Liquidation) is a foreign corporation existing under the laws of the United Kingdom had, at the time of the contract, a principal place of business at 4687 World Houston Parkway, Suite 200, Houston, Texas 77032.  As Ardent Maritime UK Ltd (in Liquidation) is in liquidation at the present time, the current principal place of business and registered address is the office of its liquidators, which is:  Turpin Barker Armstrong, Allen House, 1 Westmead Road, Sutton, Surrey, SM1 4LA, United Kingdom.

2. Defendant Eni US Operating Co., Inc. is a foreign corporation existing under the laws of Delaware with a principal place of business at 1201 Louisiana, Suite 3500, Houston, Texas 77002.

## II.  JURISDICTION

3. This Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen or subject of a foreign state and citizen of a State.

## III.  VENUE

4. Venue is proper in this district under 28 U.S.C. §1391(b)(1) because Eni resides in this district. Venue is also proper in this district because the parties' contract states "the PARTIES hereto agree to the exclusive venue of the state and federal courts situated in Harris County, Texas with respect to any dispute resolution arising out of this CONTRACT."

## IV.  CONDITIONS PRECEDENT

5. All conditions precedent have occurred or been performed.

## V.  FACTS

6. On or about September 20, 2018, Ardent and Eni entered into Contract #5000013551 Form of Agreement for Services Offshore on a Call-Out Basis ("Contract").

7. The Contract provided that Eni would compensate Ardent for labor, materials, and services provided to Eni at Eni's request in connection with the decommissioning and abandonment of Eni's Morpeth Sea Star Tension Leg Platform Subsea Umbilical Riser and Flowline Package.

8. After providing the requested labor, materials, and services to Eni, Ardent submitted several invoices to Eni that remain unpaid.

9. Eni failed to pay Ardent $412,094.21 for the following approved invoices:

| Invoice Number | Amount |
|---|---|
| UK29003196 | $100,114.59 |
| UK29003197 | $47,576.46 |
| UK29003198 | $54,890.00 |
| UK29003199 | $67,290.00 |
| UK29003242 | $101,140.00 |
| UK29003243 | $41,083.16 |

10.     Similarly, Eni failed to pay Ardent for additional labor, materials, and services provided to Eni at Eni's request.

11.     Eni has failed to pay Ardent $2,013,077.96 for the following labor, materials, and services provided at Eni's request:

| Invoice Submission Number | Description | Amount |
|---|---|---|
| 180084CL238 | Campaign 3 Rigging and Welding Labor January | $151,665.00 |
| 180084CL239 | Campaign 3 Rigging and Welding Spread January | $108,475.00 |
| 180084CL241 | Campaign 3 3rd Party Reimbursable Services | $168,673.73 |
| 180084CL242 | Campaign 3 Reimbursable Procured Items | $10,577.08 |
| 180084CL243 | Campaign 3 Fuel and Lube for HARVEY STEELER in January 2020 with contractual uplift | $18,538.61 |
| 180084CL244 | Campaign 3 Signed VO5 Services | $374,630.23 |
| 180084CL250 | Campaign 3 Reimbursable Procurements | $10,849.75 |
|  | Campaign 3 Fuel and Lube for HARVEY RAIN, HARVEY RUNNER, ROSS CANDIES through February 2020 with contractual uplift | $57,712.97 |
|  | Campaign 3 Ardent Labor from February 1 to 11, 2020 at contractual day rates | $30,320.00 |
|  | Campaign 3 Hired Rigging and Welding Labor from February 1 to 12, 2020 at contractual day rates | $64,390.00 |
|  | Campaign 3 Hired Rigging and Welding Spread from February 1 to 21, 2020 at contractual day rates | $62,060.95 |
|  | Campaign 3 Reimbursable 3rd Party Services for rental of acoustic surveyor, cutter, saw, drill etc. in February 2020 with contractual uplift | $25,988.05 |

| | | |
|---|---|---|
| | Campaign 3 ROSS CANDIES Charter from February 1 to 7, 2020 at contractual day rates | $398,121.50 |
| | Campaign 3 DSV Vessel 3 Charter from January 19 to February 7, 2020 at contractual day rate | $182,850.00 |
| | Campaign 3 CROSBY MOON Hire from February 2 to 3, 2020 with contractual uplift | $75,735.00 |
| | Campaign 3 VO5 3rd Party Services, consisting of mobilization and demobilization of cross winch for ROSS CANDIES, SCR Analysis, Engineer Report, Laydown Tension Schedulewith contractual uplift | $162,340.05 |
| | Campaign 3 CRT200 Tool Hire from January 20 to February 1, 2020, transit, and freight with contractual uplift | $57,717.00 |
| | Campaign 3 HARVEY RUNNER Hires between January 31 and February 11, 2020 with contractual uplift | $52,433.04 |

## VI.  BREACH OF CONTRACT

12. Ardent adopts and incorporates by reference all of the foregoing paragraphs for all purposes as if fully set forth herein.

13. Ardent has performed its obligations under the Contract.

14. Eni has not performed its obligations under the Contract. Specifically, Eni has not remitted payment to Ardent for labor, materials, and services provided to Eni at Eni's request.

15. Eni has not remitted payment to Ardent in the amount of $100,114.59 for Invoice No. UK29003196.

16. Eni has not remitted payment to Ardent in the amount of $47,576.46 for Invoice No. UK29003197.

17. Eni has not remitted payment to Ardent in the amount of $54,890.00 for Invoice No. UK29003198.

18. Eni has not remitted payment to Ardent in the amount of $67,290.00 for Invoice No. UK29003199.

19. Eni has not remitted payment to Ardent in the amount of $101,140.00 for Invoice No. UK29003242.

20. Eni has not remitted payment to Ardent in the amount of $41,083.16 for Invoice No. UK29003243.

21. Eni's failure to pay Ardent $412,094.21 for the above referenced invoices is a breach of the Contract.

22. As a direct and proximate result of Eni's breach, Ardent has suffered $412,094.21 in actual damages.

### VII. QUANTUM MERUIT

23. Ardent adopts and incorporates by reference all of the foregoing paragraphs for all purposes as if fully set forth herein.

24. Ardent provided valuable labor, materials, and services to Eni as requested by Eni which could not be invoiced because Eni failed to engage in the invoicing procedure under the Contract.

25. The total value of the labor, materials, and services provided by Ardent has a reasonable value of $2,013,077.96.

26. The value of the requested labor, materials, and services provided by Ardent for Invoice Submission No. 180084CL238, "Campaign 3 Rigging and Welding Labor January," is $151,665.00.

27. The value of the requested labor, materials, and services provided by Ardent for Invoice Submission No. 180084CL239, "Campaign 3 Rigging and Welding Spread January," is $108,475.00.

28. The value of the requested labor, materials, and services provided by Ardent for Invoice Submission No. 180084CL241, "Campaign 3 3rd Party Reimbursable Services," is $168,673.73.

29. The value of the requested labor, materials, and services provided by Ardent for Invoice Submission No. 180084CL242, "Campaign 3 Reimbursable Procured Items," is $10,577.08.

30. The value of the requested labor, materials, and services provided by Ardent for Invoice Submission No. 180084CL243, "Campaign 3 Fuel and Lube for HARVEY STEELER in January 2020 with contractual uplift," is $18,538.61.

31. The value of the requested labor, materials, and services provided by Ardent for Invoice Submission No. 180084CL244, "Campaign 3 Signed VO5 Services," is $374,630.23.

32. The value of the requested labor, materials, and services provided by Ardent for Invoice Submission No. 180084CL250, "Campaign 3 Reimbursable Procurements," is $10,849.75.

33. The value of the requested labor, materials, and services provided by Ardent for "Campaign 3 Fuel and Lube for HARVEY RAIN, HARVEY RUNNER, ROSS CANDIES through February 2020 with contractual uplift" is $57,712.97.

34. The value of the requested labor, materials, and services provided by Ardent for "Campaign 3 Ardent Labor from February 1 to 11, 2020 at contractual day rates" is $30,320.00.

35. The value of the requested labor, materials, and services provided by Ardent for "Campaign 3 Hired Rigging and Welding Labor from February 1 to 12, 2020 at contractual day rates" is $64,390.00.

36. The value of the requested labor, materials, and services provided by Ardent for "Campaign 3 Hired Rigging and Welding Spread from February 1 to 21, 2020 at contractual day rates" is $62,060.95.

37. The value of the requested labor, materials, and services provided by Ardent for "Campaign 3 Reimbursable 3rd Party Services for rental of acoustic surveyor, cutter, saw, drill etc. in February 2020 with contractual uplift" is $25,988.05.

38. The value of the requested labor, materials, and services provided by Ardent for "Campaign 3 ROSS CANDIES Charter from February 1 to 7, 2020 at contractual day rates" is $398,121.50.

39. The value of the requested labor, materials, and services provided by Ardent for "Campaign 3 DSV 3 Charter from January 19 to February 7m 2929 at contractual day rate" is $182,850.00.

40. The value of the requested labor, materials, and services provided by Ardent for "Campaign 3 CROSBY MOON Hire from February 2 to 3, 2020 with contractual uplift" is $75,735.00.

41. The value of the requested labor, materials, and services provided by Ardent for "Campaign 3 VO5 3rd Party Services, consisting of mobilization and demobilization of cross winch for ROSS CANDIES, SCR Analysis, Engineer Report, Laydown Tension Schedule with contractual uplift" is $162,340.05.

42. The value of the requested labor, materials, and services provided by Ardent for "Campaign 3 CRT200 Tool Hire from January 20 to February 1, 2020, transit, and freight with contractual uplift" is $57,717.00.

43. The value of the requested labor, materials, and services provided by Ardent for "Campaign 3 HARVEY RUNNER Hires between January 31 and February 11, 2020 with contractual uplift" is $52,433.04.

44. Eni accepted and used the requested labor, materials, and services provided by Ardent.

45. Eni had reasonable notice that Ardent expected compensation for the requested labor, materials, and services.

46. Ardent sent Eni notice of the unpaid claim, but never received payment for the labor, materials, and services provided.

47. As a direct result of Eni's failure to pay for the requested labor, materials, and services provided to Eni, Ardent suffered damages in the amount of $2,013,077.96.

## VIII.  SUIT ON SWORN ACCOUNT

48. Ardent adopts and incorporates by reference all of the foregoing paragraphs for all purposes as if fully set forth herein.

49. Ardent furnished labor, materials, and services to Eni on an open account.

50. Eni accepted the labor, materials, and services and became bound to pay Ardent its designated charges which were according to the terms of the Contract or were the usual, customary, and reasonable prices for such labor, materials, and services.

51. The prices charged by Ardent were just and true because they were according to the terms of the Contract or were the usual, customary, and reasonable prices.

52. Ardent kept a systematic record of the transaction.

53. Ardent attaches a record of the account and the required affidavit as **Exhibit A-1** and incorporates it by reference. The account accurately sets forth the labor, materials, and services Ardent provided to Eni; the dates of delivery and performance; and the cost of the labor, materials, and services Ardent provided. The account represents a record of the series of transactions that is similar to records Ardent systematically keeps in the ordinary course of business.

54. After the labor, materials, and services were delivered and performed, Eni did not make any payments to Ardent.

55. All lawful offsets, payments, and credits have been applied to Eni's account. Ardent attaches an affidavit verifying these facts as **Exhibit A** and incorporates it by reference.

56. Eni's account remains unpaid in the amount of $2,425,172.17.

57. The damages suffered by Ardent are liquidated and Ardent seeks damages in the amount of at least $2,425,172.17.

## IX.   UNJUST ENRICHMENT

58. Ardent adopts and incorporates by reference all of the foregoing paragraphs for all purposes as if fully set forth herein.

59. Eni obtained a benefit from Ardent by fraud, duress, and/or taking undue advantage.

60. Eni requested and received labor, materials, and services from Ardent but has not paid Ardent for the labor, materials, and services received.

61. Eni will be unjustly enriched in the amount of $2,425,172.17 if allowed to retain the benefit conferred on it without paying the reasonable value of the labor, materials, and services provided by Ardent.

62. As a direct result of Eni's failure to pay for the labor, materials, and services provided to Eni, Ardent suffered damages in the amount of $2,425,172.17.

## X. PROMISSORY ESTOPPEL

63. Ardent adopts and incorporates by reference all of the foregoing paragraphs for all purposes as if fully set forth herein.

64. Eni promised it would pay Ardent for the labor, materials, and services Ardent provided.

65. Ardent reasonably and substantially relied on Eni's promise to its detriment and, based upon that reliance, provided the labor, materials, and services to Eni.

66. Ardent's reliance was foreseeable by Eni.

67. Injustice to Ardent can be avoided only by enforcing Eni's promise to pay for the labor, materials, and services.

68. Ardent's reliance on Eni's promise caused Ardent to incur damages in the amount of $2,425,172.17

## XI. ATTORNEYS' FEES

69. Ardent adopts and incorporates by reference all of the foregoing paragraphs for all purposes as if fully set forth herein.

70. As a result of Eni's breach of contract; failure to pay the balance of its open account; and failure to pay Ardent for rendered services, performed labor, and furnished materials, Ardent retained an attorney to prosecute its claim. Ardent seeks recovery of its reasonable and necessary attorneys' fees pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code as well as any other applicable statutory, contractual, and/or common law authority.

## XII.  JURY TRIAL DEMANDED

71.     Ardent demands a trial by jury on all issues of facts and damages raised in this lawsuit.

## XIII.  PRAYER

For the reasons stated above, Plaintiff Ardent Maritime UK Ltd (in Liquidation) prays that, after trial, Court awards a final judgment against Eni US Operating Co., Inc. for the following:

a. Compensatory and actual damages in an amount to be determined at trial;

b. Attorneys' fees;

c. The costs of this action;

d. Pre-and post-judgment interest to the extent permitted by law; and

e. All other relief, at law or in equity, to which Ardent Maritime UK Ltd (in Liquidation) proves itself justly entitled.

Respectfully submitted,

*/s/ Joshua D. Kipp*
**JOSHUA D. KIPP**
  Texas State Bar No. 24078793
  Email:  jkipp@ccsb.com
**LARA ALBRIGHT YOST**
  Texas State Bar No. 24100861
  Email:  lyost@ccsb.com
**CARRINGTON, COLEMAN,
  SLOMAN & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, Texas 75201
(214) 855-3000 – Telephone
(214) 580-2641 – Facsimile

**ATTORNEYS FOR PLAINTIFF
ARDENT MARITIME UK LTD
(IN LIQUIDATION)**